### CHARLES A. THOMPSON, Respondent, v. DIXEY W. THOMPSON, Appellant.*

#### No. 5005; November 2, 1876.

**Pleading.—A Cross-complaint is Unknown to the Code of Civil Procedure,** and new matter found in the answer is denied by force of the statute.

**Pleading—New Matter Alleged in Answer—Proof.—It is** incumbent on a defendant to prove at the trial the new matter set up in his answer, and in default of his doing so the allegations of new matter go for nothing.

**Deed.—A Description in a Conveyance is not Too Vague if it** gives the contents of the land and its local situation and designates it as lot No. 62 on the official map of the outside lands of the town of Santa Barbara.

**Municipal Corporations.—Pueblo Lands Confirmed and Patented to a City by the United States,** as successor to the pueblo, must be assumed to be held by the city in trust, and the power to alienate them must be conferred, if at all, by the legislature of the state.

**Municipal Corporations—Sale of Vacant Lands.—The Original Ordinance** of the city of Santa Barbara, of August 8, 1864, and the subsequent amendments thereto, limiting the authority of the president and board of trustees to the sale of vacant lands, did not extend to lands continuously occupied.

APPEAL from First Judicial District, Santa Barbara County.

*For subsequent opinion, see Thompson v. Thompson, 52 Cal. 154.

Eugene Fawcett for respondent; Charles E. Huse for appellant.

By the COURT.—1. The pleading upon the part of the defendant did not amount to a cross-complaint, for this is unknown to the Code of Civil Procedure (sections 420, 462). There was, therefore, no necessity for a reply upon the part of the plaintiff, the new matter found in the answer being denied by force of the statute. In this view it was incumbent on the defendant at the trial to support his answer by proof, in so far as the answer set up new matter, and having failed in this, the allegations of new matter found in the answer go for nothing.

2. It was not well objected that the plaintiff's exhibit No. 4 (being the conveyance from Francisco de la Guerra to C. A. Thompson) was vague in its description or did not identify any land. It described the land as a lot containing fifty and fifty-two one-hundredths acres situate in the town and county of Santa Barbara, in the state of California, and being the same lot designated as lot No. 62 of the lots marked on the official map (made by Norway, surveyor) of the outside lands of the town of Santa Barbara.

3. The premises in controversy are part of the pueblo lands pertaining formerly to the pueblo of Santa Barbara and subsequently confirmed and patented to the city of Santa Barbara by the government of the United States, as successor to the pueblo—the fact that such a patent has been issued is stipulated, but the trusts, if any, inserted in the patent are not disclosed by the record. It must be assumed, therefore, that the lands are held by the city under the trusts attaching to them as pueblo lands, and the power to alienate them must be conferred, if at all, by the legislature of the state. No such legislative permission is shown; the only legislation called to our attention in this respect is the act passed April 2, 1870, ratifying and confirming grants and sales made "in conformity to ordinances . . . . in force at the time the grants or sales aforementioned were made." But the grant to Espinosa made in the year 1870, through which the plaintiff claims title, was not one made in conformity to any ordinance of the city gov-

3

ernment of the city of Santa Barbara. The original ordinance of August 8, 1864, and the amendments thereto, respectively passed November 4, 1865, and February 15, 1868, limited the authority of the president and board of trustees in this respect to the sale of such lands as were "vacant lands." But the lands in controversy were not "vacant lands" in 1870; the uncontradicted evidence shows that from 1860 to 1875, when the cause was tried, these lands had been continuously occupied by the defendant, and the conveyance to Espinosa was, therefore, not aided by the act referred to.

Judgment and order denying a new trial reversed and cause remanded.